**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**IN RE**

**INNOVATIVE MATTRESS**                                **CASE NO. 19-50042**
**SOLUTIONS, INC.**

**DEBTOR(S)**

**CHAPTER 11 OPERATING ORDER**

Having requested and received relief pursuant to chapter 11 of title 11 of the United States Bankruptcy Code, the Debtor has thereby become a Debtor in possession. During the pendency of the chapter 11 case, it is ORDERED that the Debtor in possession comply with the following:

I. **GENERAL RESPONSIBILITIES**

The Bankruptcy Code makes the Debtor in possession a trustee for the benefit of creditors. As trustee, the Debtor in possession has the following duties:

1. being accountable for and reporting all property received;

2. examining proofs of claim and objecting to allowance of any claim that is improper;

3. furnishing such information concerning the estate and the estate's administration as is requested by a party in interest;

4. timely providing information and attending meetings reasonably requested by the U.S. Trustee;

5. complying with all orders of the Court;

6. satisfying timely, unless excused by the Court, any filing or reporting requirement established by the Bankruptcy Code or by any Federal Rule of Bankruptcy Procedure or local rule applicable to chapter 11 cases;

7. filing a statement of any change of the Debtor in possession's address;

8. filing a final report and a final account of the administration of the estate with the Court on a form provided by the U.S. Trustee's Office;

9. for any year or period for which the Debtor has not filed a tax return required by law, furnishing such information as may be required by the governmental unit with which such tax return was to be filed; and

10. after confirmation of a plan, filing U.S. Trustee quarterly reports and any other reports as are necessary or as the Court requires.

II. **MONEY OF THE ESTATE**

Upon the filing of the petition, the Debtor shall place all funds of the estate into accounts reflecting its fiduciary status. Each account shall be titled "Debtor's Name, Debtor in Possession". No monies of the estate shall be deposited or invested except in entities that have complied with 11 U.S.C. § 345. Withdrawals from these accounts shall be made only upon the signature of an authorized signatory, whose name, address, telephone number and title has been reported to the U.S. Trustee's Office. Within 7 days of the date of this Order, the Debtor in possession shall advise the U.S. Trustee in writing of the depositories holding funds of the estate in the manner or on a form provided by the U.S. Trustee. On or before the twentieth day after the close of each calendar quarter, the Debtor in possession shall advise the U.S. Trustee of each account holding funds of the estate in excess of $100,000 on a form provided by the U.S. Trustee.

III. **BOOKS AND RECORDS**

Upon the filing of a petition, the Debtor in possession shall set up new books to reflect post-filing business. Thereafter, new books and records must be kept for the Debtor in possession. Prepetition liabilities are to be strictly segregated from post-petition liabilities.

IV. **TAXES**

The Debtor in possession shall segregate and hold separate and apart from all other funds those monies withheld from its employees or collected from others for taxes payable under any law of the United States of America or any state or subdivision thereof and deposit such funds in a separate bank account simultaneously with the collecting or withholding thereof and timely file all returns and pay the appropriate authorities the appropriate amounts as prescribed by law.

The Debtor in possession shall comply with the IRS, any state or subdivision's laws, regulations and rules regarding the filing and payment of all taxes, including, but not limited to the withholding of taxes from the wages of employees, the payment of employer's FICA and FUTA tax liabilities, sales and use taxes and the making of deposits of such taxes and the filing of returns. The Debtor in possession is ordered to provide verification of compliance with the IRS laws and regulations by filing the forms required and provided by the IRS.

V. **MONTHLY OPERATING REPORTS**

On or before the twentieth of each month, the Debtor in possession shall file with the Court a Monthly Operating Report for the preceding month and serve a copy of the report on either (a) the parties listed on a court-approved service list; or if none, (b) the U.S. Trustee, each secured creditor, and each member of the creditors' committee (or Court approved committee counsel). The Monthly Operating Report shall be made on the form provided by the U.S. Trustee's Office at https://www.justice.gov/ust-regions-r08/region-8-chapter-11-2.

VI. **INSURANCE**

The Debtor in possession shall maintain and keep in force all insurance normally carried by the Debtor, such as fire and extended coverage, theft, health and accident, public liability, and product liability.

VII. **PAYMENT OF PREPETITION DEBTS**

The Debtor in possession, its employees, officers, partners, agents or any other persons acting in concert with the Debtor are enjoined from making ANY payment on any prepetition unsecured debt or any prepetition priority debt.

VIII. **USE OF CASH COLLATERAL**

The Bankruptcy Code defines cash collateral as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents… in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents or profits of property and the fees, charges, accounts. . ."  The Debtor in possession, its employees, officers, partners, agents and any persons acting in concert with the Debtor or Debtor in possession are enjoined from using cash collateral without first obtaining the consent of the secured creditor or other persons with an interest in the cash collateral or a court order authorizing such use. (*See* 11 U.S.C. § 363(c)(2) and KYEB LBR 4001-2)

IX. **USE OF ASSETS NOT IN THE ORDINARY COURSE OF BUSINESS**

Pursuant to 11 U.S.C. § 363(b) and FED. R. BANKR. P. 6004, the Debtor in possession, its employees, officers, partners, agents and any persons acting in concert with the Debtor or Debtor in possession are enjoined from using, selling or leasing any property of the estate other than in the ordinary course of business, except after notice and hearing.

If the Debtor is an individual, the Debtor in possession may pay his/her personal living expenses set forth on Schedule J, in the ordinary course without further court order; provided, however, the Debtor may not make payments on any prepetition debt listed in Schedule J; and provided further, nothing herein shall preclude the filing of an objection to any such payment.

X. **TRANSFERS TO OR COMPENSATION OF DEBTOR OR INSIDERS**

During the pendency of the chapter 11 case, neither the Debtor in possession nor any insider shall receive any increase in compensation, whether in salary or benefits or in any other form, without prior Court approval after notice and hearing. This prohibition includes transfers of property to the individual Debtor or to any insider. The Debtor in possession shall not pay the personal expenses of an insider, except for payroll tax withholdings and related transmittals, without Court approval. Absent Court approval, the Debtor in possession shall make no payments on any debt, whether secured or unsecured, owed to an insider or to a creditor whose claim is co-signed or guaranteed by an insider.

XI. **FILING OF PLAN**

The Debtor in possession shall file a disclosure statement and plan, on or before 120 days (180 days in a Small Business Case) after the date of the order for relief unless extended by Court Order. Any order extending the time within which the Debtor in possession has the exclusive right to file a plan shall be deemed to extend the plan filing deadline to the expiration of the exclusivity period.

XII. **SOLICITATION OF ACCEPTANCES OR REJECTIONS OF ANY PROPOSED PLAN**

After commencement of the case, the Debtor in possession, its employees, officers, partners, agents and any other persons acting in concert with the Debtor are enjoined from soliciting acceptances or rejections of any proposed plan unless and until the Court has approved the disclosure statement.

XIII. **SMALL BUSINESS CHAPTER 11 CASES**

If the Debtor is a Small Business Debtor pursuant to the definition in 11 U.S.C. § 101(51D), the Debtor in possession has duties in addition to those listed above and shall:

1. append to the voluntary petition or, in an involuntary case, file not later than 7 days after the date of the order for relief—

    (A) its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or
    (B) a statement made under penalty of perjury that no balance sheet, statement of operations, or cashflow statement has been prepared and no Federal tax return has been filed;

2. attend, through its senior management personnel and counsel, meetings scheduled by the Court or the U.S. Trustee, including initial debtor interviews, scheduling conferences, and meetings of creditors convened under section 341 unless the Court, after notice and a hearing, waives that

      requirement upon a finding of extraordinary and compelling circumstances;

3. timely file all schedules and statements of financial affairs, unless the Court, after notice and a hearing, grants an extension;

4. file all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure, local rule or the U.S. Trustee;

5. maintain insurance customary and appropriate to the industry;

6. timely file tax returns and other required government filings and timely pay all taxes entitled to administrative expense priority except those being contested by appropriate proceedings being diligently prosecuted; and

7. allow the U.S. Trustee, or a designated representative of the U.S. Trustee, to inspect the Debtor's business premises, books, and records at reasonable times, after reasonable prior written notice, unless notice is waived by the Debtor.

XIV. **FAILURE TO COMPLY WITH THE OPERATING ORDER**

Should the Debtor fail to comply with any aspect of this order, such failure may be grounds for dismissal or conversion of the case.  Nothing in this order should be construed to alter the powers and/or duties of any creditors' committee set forth in 11 U.S.C. § 1103.

5

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, January 11, 2019
(nbw)