UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INNOVATIVE MATTRESS ) | |
| SOLUTIONS, LLC, *et al.*[1] ) | Case No. 19-50042-grs |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR (A) RECONSIDERATION OF THE ORDER
AUTHORIZING THE DEBTORS TO: (I) PAY CRITICAL VENDOR CLAIMS
AND (II) FILE THE CRITICAL VENDOR EXHIBITS UNDER SEAL;
AND (B) TO SHORTEN TIME FOR NOTICE OF HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of Innovative Mattress Solutions, LLC, and its related debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through its proposed undersigned counsel, hereby submits this Motion for Reconsideration (the "Motion for Reconsideration"), pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting that the Court reconsider the Order entered January 16, 2019 *Authorizing the Debtors to: (I) Pay Critical Vendor Claims and (II) File the Critical Vendor Exhibits Under Seal* (the "Critical Vendor Order") [Doc. No. 103]. In support of the Motion for Reconsideration, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Innovative Mattress Solutions, LLC – 1096; Sleep Outfitters of Alabama LLC – 2914; Sleep Outfitters of Indiana LLC – 6006; Sleep Outfitters of Kentucky, LLC – 2729; Sleep Outfitters of Ohio LLC – 9814; Sleep Outfitters of Tennessee LLC – 1127; Sleep Outfitters of West Virginia, LLC – 6079; Sleep Liquidators, LLC – 5703; Brown Immobilien LLC – 6617; Knopf Systems, LLC – 1096; and K. B. & Associates, Incorporated – 3479.

## JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are Bankruptcy Rules 9023 and 9024, which incorporate by reference Rules 59 and 60 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

3. The Debtors, to support their request to pay the prepetition claims of certain vendors (the "Critical Vendors") whose continuation of business with the Debtors is allegedly vital to the maintenance of their businesses, must, at a minimum, demonstrate there is an on-going business to maintain. The Debtors cannot make any such showing here; rather, the payment of the funds earmarked for Critical Vendors benefits the Debtors' DIP lender, Tempur World, Inc. ("Tempur"), which has not committed, as of the time of this Objection, to purchasing the Debtors' assets or funding a plan of reorganization.

4. Accordingly, the Committee maintains that the Debtors' continuation of relationships with the Critical Vendors does nothing to enhance the already dwindling prospect of a viable go-forward business, and will only serve to eliminate the value that could potentially be realized by unsecured creditors.

## BACKGROUND

5. On January 11, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Kentucky

(the "Court").  That same day, the Debtors filed certain first day motions, including the *Debtors' Motion for Entry of an Order Authorizing Debtors to (I) Pay Critical Vendor Claims and (II) File Critical Vendor Exhibits Under Seal* (the "Critical Vendor Motion") [Doc. No. 33].

6. On January 16, 2019, the Court entered the Critical Vendor Order, thereby authorizing the Debtors to pay in their discretion, and in consultation with and the express consent of Tempur, all or part of the claims of the Critical Vendors, and to continue to transact business with the Critical Vendors under Customary Vendor Terms, as defined in the Critical Vendor Order.

7. On January 23, 2019, after the Critical Vendor Order was approved by the Court, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. [Doc. No. 126].  The Committee consists of the following members: (i) Eastern Sleep Products Company *dba Symbol Mattress*; (ii) TATM I, LLC; (iii) Ryder Truck Rental; (iv) Smith–Lindsey Development, LLC; (v) SO of Painesville, LLC; (vi) Reach NNN - IMS I, LLC; and (vii) MCMF Properties, LLC.  The Committee selected Bingham Greenbaum Doll LLP and Kelley Drye & Warren LLP as co-counsel and Province, Inc. as its financial advisor.

## RELIEF REQUESTED

8. Pursuant to Bankruptcy Rules 9023 and 9024, the Committee seeks reconsideration of the Critical Vendor Order.

9. Further, pursuant to Local Rule 2081-3(f) of the United States Bankruptcy Court for the Eastern District of Kentucky, the Committee seeks reconsideration of the Order on an expedited basis, if so allowed by the Court's schedule, because once the payments have been made, the damage to the estates and unsecured creditors cannot be reversed.

**BASIS FOR RELIEF REQUESTED**

10. A motion to reconsider an order pursuant to Bankruptcy Rule 9024, may be granted based upon any reason justifying relief from the operation of the order. Fed.R.Bankr.P 9024; Fed.R.Civ.P. 60(b)(6). Bankruptcy Rule 60(b)(6) is considered a "catch-all" provision, allowing a motion to be brought if the request for relief does not fit into one of the more specific clauses outlined in Bankruptcy Rule 60(b). *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) … grants federal courts broad authority to relieve a party from a final judgment … provided that the motion … is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).").

11. Because Rule 60(b) provides for a wide expanse of remedies, courts have held that Rule 60(b)(6) relief is an "extraordinary remedy and granted only in exceptional circumstances." *In re Schwinn Bicycle Co.*, 248 B.R. 328, 333 (Bankr. N.D. Ill. 2000) (citing *Dickerson v. Board of Educ. of Ford Heights, III*, 32 F.3d 1114, 1116 (7th Cir. 1994). While relief under Rule 60(b)(6) must be grounded on extraordinary circumstances, the provision has also been called a "grand reservoir of equitable power to do justice in a particular case." *Woods v. Kenan (In re Woods)*, 173 F.3d 770, 780 (10th Cir. 1999) (citing *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc). Moreover, Rule 60(b)(6) is to be "liberally construed when substantial justice will thus be served." *Id; see also In re Enron Corp.*, 352 B.R. 363, 369 (Bankr. S.D.N.Y. 2006); *Cashner v. Freedom Stores Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (relief under Rule 60(b)(6) "is appropriate … when it offends justice to deny such relief").

12. In the Critical Vendor Motion, the Debtors cite to the *United American* three-prong test that is commonly applied in the Bankruptcy Court for the Western District of Kentucky to determine critical vendor status [Docket No. 33, ¶ 16]. As to the third prong, that

"the favorable treatment of [a] critical vendor must not prejudice other unsecured creditors[,]" *see In re Corner Home Care, Inc.*, 428 B.R. 122, 127 (Bankr. W.D. Ky. 2010) (quoting *In re United American, Inc.*, 327 B.R. 776, 782 (Bankr. E.D. Va. 2005)), the Debtors concluded that the unsecured creditors would actually benefit from, and not be prejudiced by, payment of all or part of the Critical Vendor claims [Docket No. 33, ¶ 16].

13. This argument is misplaced and out of touch with the facts of these cases. The Debtors have not articulated any viable go-forward business plan, and Tempur refuses either to commit to purchase the Debtors' assets or to fund a plan of reorganization. The payment to Critical Vendors of approximately $4.5 million unnecessarily depletes value from an already diminishing estate, thereby eliminating the probability of any recovery for unsecured creditors.

14. The Committee contends that permitting the Debtors to make payments to Critical Vendors to preserve those business relationships only benefits Tempur. General unsecured creditors, however, will be irreparably prejudiced if these payments are made at this time. Accordingly, the Committee requests that the Court exercise its equitable power and reconsider the Critical Vendor Order because of the prejudice to unsecured creditors without the possibility of an on-going business to maintain.

**WHEREFORE**, the Committee requests that the Court reconsider the Critical Vendor Order, and grant such other further relief as may be warranted.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor Courtroom, Lexington, Kentucky, on Wednesday, February 6, 2019, at the hour of 9:00 a.m., or as soon thereafter as counsel may be heard.

Dated: February 5, 2019

Respectfully submitted,

*/s/ April A. Wimberg*
James R. Irving
April A. Wimberg
Bingham Greenebaum Doll LLP
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Direct: 502-587-3606
Email: jirving@bgdlegal.com
Email: awimberg@bgdlegal.com

- and –

James S. Carr
Jason R. Adams
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Direct: 212-808-7911
Email: jcarr@kelleydrye.com
jadams@kelleydrye.com

*Proposed Co-counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I certify that on February 5, 2019, I served a copy of the foregoing upon the creditors and parties in interest on the Master Service List dated January 30, 2019 [Doc. No. 182] in accordance with the method established under CM/ECF Administrative Procedures.

/s/ April A. Wimberg
James R. Irving